**STERNS & WEINROTH, a Professional Corporation**
Andrea Dobin (AD-7984)
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, New Jersey  08607-1298
(609) 392-2100
Counsel to Andrea Dobin, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Hon. Raymond T. Lyons, U.S.B.J. |
| HILL, Phyllis Ann, | : | Chapter 7 |
| Debtor. | : | Case No. 04-30325(RTL) |
| ANDREA DOBIN, Trustee, | : | |
| Plaintiff, | : | Adv. No. 05- |
| v. | : | |
| DANIEL C. HILL, | : | |
| Defendant. | : | |

**COMPLAINT TO RECOVER FRAUDULENT TRANSFERS**

ANDREA DOBIN, Chapter 7 Trustee in the bankruptcy proceeding of Phyllis Ann Hill, by and through her undersigned counsel and by way of complaint against DANIEL C. HILL alleges as follows:

**I.    Parties**

1. On or about June 16, 2004, Phyllis Ann Hill (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. On or about June 18, 2004, Andrea Dobin (the "Trustee") was appointed to serve as the Bankruptcy Trustee in the Debtor's proceeding. She qualified for and accepted said appointment.

3. Daniel C. Hill (the "Defendant") is an individual residing at 43 Glen Arden Drive, Howell, New Jersey 07731 and is the former spouse of the Debtor.

## II. Jurisdiction

4. This is a core proceeding brought pursuant to Fed. R. Bankr. Proc. 7001, 11 U.S.C. §§ 544 and 28 U.S.C. § 157 (b)(2)(H), (I), (J) and/or (O).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 1334(b) and 157(b)(1).

6. The venue of this proceeding is in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## III.      Background

7. During the 1970's, the Debtor and the Defendant married.

8. In 2003, the Debtor filed a Complaint for Divorce in the Superior Court of New Jersey, Chancery Division – Family Part, Monmouth County (Docket No. FM-13-1981-03C) seeking to dissolve her marriage to the Defendant (the "Divorce Proceeding").

9. As part of the Divorce Proceeding, the numerous assets of the Debtor and the Defendant that were obtained by either the Debtor and/or the Defendant during the

term of the marriage (the "Marital Assets") were to be equitably distributed between them.

10. The Debtor and the Defendant entered into a Stipulation of Settlement which was placed on the record as part of the Divorce Action on April 16, 2004 (the "Stipulation of Settlement") setting for the terms of the agreed-to distribution of the Marital Assets.

11. Pursuant to the terms of the Stipulation of Settlement, the Debtor transferred all of her right, title and interest in the following Marital Assets to the Defendant (the "Transferred Interests"):

   a. the real property located at 43 Glen Arden Drive, Howell, New Jersey;

   b. the real property located at 307 Daisy Court, Jackson, New Jersey;

   c. the real property located at 103 Larkspor Lane, Jackson, New Jersey;

   d. the real property located at 55 Charles Street, Belleville, New Jersey;

   e. $150,000 of the proceeds of sale of property located in Sunny Isle, Florida; and

   f. a 17% interest in the Defendant's Qualified Defined Benefit Civil Service Retirement Pension Plan (the Debtor retained a 33% interest in same);

12. In exchange for the Transferred Interests, the Defendant transferred all if his right title and interest in the following Marital Assets to the Debtor:

   a. the condominium located at 556 Saint Andrews Place, Manalapan, New Jersey;

    b.    the proceeds from the sale of the property located in Sunny Isle, Florida beyond the $150,000 that was to be transferred to the Defendant (which amounted to less than $2,500);

    c.    any claim to alimony, *in futuro*.

### IV.   COUNT I – Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §548(a)(1)(A)

13.    The Debtor transferred the Transferred Interests to the Defendant within the year prior to her filing her bankruptcy petition.

14.    The Debtor transferred the Transferred Interests to the Defendant with the actual intent to hinder, delay or defraud her then-existing creditors.

WHEREFORE, the Trustee demands judgment against the Defendant as follows:

    a. Declaring the Debtor's transfer of the Transferred Interests to be fraudulent pursuant to 11 U.S.C. §548(a)(1)(A);

    b. Setting aside the transfer of the Transferred Interests;

    c. Awarding court costs and counsel fees; and

    d. Granting such other and further relief as is just and appropriate.

### V.  COUNT II – Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §548(a)(1)(B)

15.    The Trustee repeats and realleges the allegations set forth in paragraphs 1 through ____ as if set forth at length herein.

16.    The Debtor received less than reasonably equivalent value in exchange for her transfer of the Transferred Interests to the Defendant.

4

17. The Debtor was made insolvent on the date of the transfer of the Transferred Interests or became insolvent as a result of the transfer of the Transferred Interests.

WHEREFORE, the Trustee demands judgment against the Defendant as follows:

a. Declaring the Debtor's transfer of the Transferred Interests to be fraudulent pursuant to 11 U.S.C. §548(a)(1)(B);

b. Setting aside the transfer of the Transferred Interests;

c. Awarding court costs and counsel fees; and

d. Granting such other and further relief as is just and appropriate.

Respectfully,

**STERNS & WEINROTH, a Professional Corporation**, counsel to Andrea Dobin, Chapter 7 Trustee for Phyllis Ann Hill, Plaintiff

Dated:    January 25, 2005         By:    /s/ Andrea Dobin
                                                Andrea Dobin